UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AMBER CARR, on behalf of minor, Z.C., et al.** § § § § § § § § § § § § | | **CIVIL ACTION NO. 4:21-cv-655-Y** |
| **Plaintiffs,** | | |
| v. | | **JURY TRIAL DEMANDED** |
| **AARON DEAN, et al.** | | |
| **Defendants.** | | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S EMERGENCY MOTION TO RE-STAY CASE**

Plaintiff AMBER CARR, on behalf of minor Z.C. ("Plaintiff" or "Ms. Carr"), by and through her attorneys, and pursuant to the Court's Order Requiring Responses ("Court's Order"; Dkt. No. 63), hereby files this Response and Brief in Support against Defendant AARON DEAN's Emergency Motion to Re-Stay Case ("Defendant's Motion"; Dkt. No. 62) to respectfully request the Court deny Defendant's Motion and maintain the prompt resolution of Plaintiff's claims.

## I. INTRODUCTION & BACKGROUND

Plaintiff's claims arose from the killing of Atatiana Jefferson on October 12, 2019 in full view of minor Z.C..[1] On September 15, 2021, as a result of Ms. Jefferson's death, Plaintiff brought suit against Defendant Aaron Dean and Defendant City of Fort Worth due to deprivations of Z.C.'s constitutional rights.[2] On November 10, 2021, the Court consolidated Plaintiff's case with the other named Plaintiffs and stayed the consolidated case due to Defendant Dean's pending criminal

---

[1] Case No. 4:21-cv-1053. at Dkt. No. 1.
[2] Plaintiff also brought claims against Police Chief Ed Krause and Mayor Betsy Price but voluntarily dismissed the claims against these Defendants on February 17, 2022. (Dkt. No. 49).

trial.[3] On December 20 2022, after a criminal trial, Defendant Dean was found guilty of manslaughter and sentenced to eleven (11) years in prison.[4] Due to this verdict and Plaintiff Bakutis' Unopposed Motion to Re-open Case, the Court re-opened the case on January 11, 2023.[5] Defendant Dean subsequently filed Defendant's Motion asking the Court to immediately re-stay the case due to his appellate efforts to reverse his conviction.[6]

At the date of this filing, three (3) years, three (3) months, and sixteen (16) days have passed since Z.C. witnessed the killing of his aunt by the hands of Defendant Dean. As such, and pursuant to the Court's Order, Plaintiff files this response to respectfully ask the Court to stop Defendant Dean from further delaying adjudication of this matter, and to ensure the just, timely resolution of Plaintiff's claims.

## II. ARGUMENTS & AUTHORITIES

### a. The Six-Factor Test Weighs in Favor of Resolution of Plaintiff's Claims

A defendant's Fifth Amendment protections "extend to compelling answers by parties or witnesses in civil litigation … wherever the answer might tend to subject to criminal responsibility him who gives it." *United States ex. rel Gonzalez v. Fresenius Med. Care N. Am.*, 571 F.Supp.2d 758, 761-62 (W.D. Tex. 2008) (internal quotations and citation omitted). "However, '[a] mere relationship between civil and criminal proceedings … does not necessarily warrant a stay.' " *Bean v. Alcorta* 220 F.Supp.3d 772, 775 (W.D. Tex. 2016) (quoting *Gonzalez*, 571 F.Supp.2d, at 762). Therefore, courts, including this Court, have "adopted a six-factor text to determine whether

---

[3] Case No. 4:21-cv-1053. at Dkt. No. 4.
[4] William Melhado, *Ex-Fort Worth cop sentenced to nearly 12 years for manslaughter of Atatiana Jefferson*, Texas Tribune, (Dec. 20, 2022), https://www.texastribune.org/2022/12/20/aaron-dean-fort-worth-cop-atatiana-jefferson-killing/.
[5] Dkt. No. 61.
[6] *See generally* Dkt. No. 62.

'special circumstances' warrant an abatement or stay in light of parallel proceedings[.]" *Comm. Loan Servicing, LLC v. Moreno*, 2021 WL 3721456, at *2 (N.D. Tex. Jan. 27, 2021). The six-factors are as follows: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Id.* (citing *Heller Healthcare Fin., Inc. v. Boyes,* 2002 WL 1558337, at *2 (N.D. Tex. July 15, 2002) (Fitzwater, J.)).

Plaintiff acknowledges that the first factor, the overlap of a criminal case, did initially weigh in favor of Defendant Dean in this matter before the trial.[7] This is no longer the case. Futher, the remaining factors all weigh in favor of finally allowing Plaintiff to seek resolution of the civil claims made on behalf of Z.C. following the criminal trial.

### i. The Second Factor Weighs in Plaintiff's Favor due to Dean's Conviction

At this time, despite Defendant's Motion's vague allusions to a federal indictment, there is no Federal indictment against Defendant Dean. In fact, there has been no indication from a Federal Officer that federal charges against Dean are even being discussed as a possibility. As Defendant's Motion admits, there is "no independent information at this point about any such possible [federal] prosecution[.]" (Dkt. No. 62. at p. 5). Conclusory and vague assertions of a federal indictment without any "independent" evidence of even an investigation are not a legitimate basis weighing in favor of a stay on the second factor. *See Moreno*, 2021 WL 3721456, at *3 (finding that the

---

[7] Notably, Defendant Dean is not the only Defendant in this matter, and there are significant areas of Plaintiff's claims against Defendant City of Fort Worth that do not overlap with the criminal case, such as the municipal policies that were the moving force behind Z.C.'s constitutional injuries.

Court "[did] not know if the District Attorney [was] conducting a review and investigation of the alleged incident[,]" and that uncertainty was part of the Court's conclusion weighing against a stay on the second factor);  *Cf. Heller*, 2002 WL 1558337, at *3 (weighing in favor of a stay on the second factor because the party was "under indictment, rather than merely under investigation[.]").

As a result, the only status of a criminal case to review is the case against Defendant Dean in Texas criminal court. In that matter, Defendant Dean has been convicted of his crimes. There is no criminal case at this point beyond Defendant Dean's allusions to appealing his conviction. While Defendant's Motion makes frequent allusions to questions about the finality of the conviction due to an alleged appeal, that is not the issue this factor is intended to address. Rather, the Court should consider (i) the likelihood that a defendant may make incriminating statements; **and** (ii) the likelihood that that criminal case will be quickly resolved. *See Librado v. M.S. Carriers, Inc.*, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002) (citation omitted).

Regarding the first consideration, a jury trial has already occurred. As Defendant Dean admits, he already "testified at the guilt-innocence phase of his criminal trial,"[8] and thus already and voluntarily provided statements about the incident under oath in front of a jury of his peers. As such, it is difficult to imagine what statements Defendant Dean may make in this action that he has not already presented in his criminal trial, and that would be used at a theoretical new trial. In addition, Defendant Dean's assertions about an appeal are not a barometer of the success of any appeal. Realistically, there is a small likelihood that Defendant Dean will overturn his conviction or be afforded a new trial. In fact, the U.S. Department of Justice found that the nationwide reversal rate of the crime Defendant Dean was charged with was 16.5 percent.[9] Ultimately, the prior sworn

---

[8] Dkt. No. 62. at p. 7.
[9] NICOLE L. WATERS, PH.D., ET. AL, CRIMINAL APPEALS IN STATE COURTS, BUREAU OF JUSTICE STATISTICS (2015).

testimony and the small likelihood of success on a reversal render the likelihood that incriminating statements made in this matter will be used in a later criminal case moot.

However, the likelihood that a hypothetical criminal case will be resolved quickly is next to zero. First, the appellate process, from the intermediate Texas appellate courts to the Texas Court of Criminal Appeals, can take over a year before there is a final resolution, especially for Defendant Dean's expansive criminal appeal requesting a completely new trial. And, even after potentially years of appellate proceedings, a resulting new trial will likely NOT be resolved quickly based on the length of delay in Defendant Dean's criminal trial. Indeed, there was almost exactly three (3) years between when Defendant Dean was indicted for murder of Ms. Jefferson on December 20, 2019,[10] and his eventual conviction on December 15, 2022. As such, based on the readily observable evidence in front of the Court, there is no certainty that (i) Defendant Dean will need to preserve his Fifth Amendment rights for a later trial, or (ii) if a criminal trial occurs, that it will be resolved quickly. Based on these considerations, the second factor weighs against an abatement or stay. *Moreno,* 2021 WL 3721456, at *3 ("Because [defendant] has not been indicted and the Court cannot determine with certainty that the criminal case will proceed expeditiously, the Court concludes that the status of the criminal case weighs against an abatement or stay.").

> ### ii. The Third and Fourth Factors Weigh in Plaintiff's Favor due the Increasing Length in Time between the Resolution of this Action and the Events, and the Defendant Dean's Conviction

"[A] 'civil plaintiff has an interest in the prompt resolution of [their] claims.' " *Id.* at *4 (*SEC v. Mutuals.com, Inc.*, 2004 WL 1629929, at *3 (N.D. Tex. July 20, 2004)). As stated previously, there has been more than three (3) years since the incidents in question corresponding with the delay in resolution of this action.[11] In fact, "courts recognize that delay can lead to the

---

[10]

[11] *Supra*. at p.

loss of evidence and duly frustrate a plaintiff's ability to put on an effective case. With the passage of time, witnesses become unavailable, memories of conversations and dates fade, and documents can be lost or destroyed." *Alcala v. Webb Cnty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009) (collecting cases). (emphasis added). Based off the length of the appellate process and the length of Defendant Dean's prior criminal case, Defendant's Motion is practically asking the Court to extend the delay of the resolution of Plaintiff's claims for months, if not years. Such a delay is more than a simple frustration of Plaintiff's ability to put on an effective case, rather it is shutting Plaintiff out of any ability to conduct discovery due to the increasing likelihood that documents can be lost or destroyed, witnesses will become unavailable, and memories of the event will fade among any witnesses. *See id.*

The risk of the loss of documents is especially paramount to Plaintiff's claims against Defendant City of Fort Worth, and the records that may be deleted that establish Defendant City of Fort Worth's *Monell* liability. In fact, in the City of Dallas, a city employee accidentally deleted 22.5 terabytes of Dallas Police Department records and evidence in 2021.[12] Accidents happen, and each day that this action is delayed increases the likelihood that what happened just one city over could happen in this matter. Beyond this significant prejudice, it is likely that Defendant Dean is increasingly racking up costs associated with his criminal appeals process, and thus Plaintiff's recovery is threatened with the dissipation of assets during another stay. *Moreno*, 2021 WL 3721456, at *4 ("Courts may consider '[t]he threat of the dissipation of assets during a stay' as

---

[12] Kelli Smith, et. al, *City officials fire IT employee involved in massive deletion of Dallas police evidence, emails show*, THE DALLAS MORNING NEWS, (Aug. 30, 2021), https://www.dallasnews.com/news/crime/2021/08/30/city-officials-fire-it-employee-involved-in-massive-deletion-of-dallas-police-evidence-emails-show/.

additional prejudice.") (quoting *Whitney Nat'l Bank v. Air Ambulance by B & C Flight Mgmt., Inc.*, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007)).

Quite simply, Plaintiff should not be substantially prejudiced by another multi-year delay in resolution of Plaintiff's action against the Defendants. Such prejudice substantially outweighs any prejudice Defendant Dean may experience at an unlikely future criminal trial as Defendant Dean holds no prejudice about (i) exposing his criminal defense strategy as he already exposed his strategy live on television in his criminal trial; (ii) testifying under oath about the incident because, as discussed previously, he already testified in court; and (iii) he could simply invoke his Fifth Amendment rights in this parallel suit thereby avoiding even the hint of prejudice. *See id.* (acknowledging that a defendant may be prejudiced by the desire to maintain his Fifth Amendment rights and in avoiding exposing their criminal strategy to the prosecution, and holding that a defendant is not prejudiced by invoking Fifth Amendment rights in a civil matter because "asserting privilege as part of discovery is an ordinary part of litigation – and is certainly not a special circumstance."). (internal quotations omitted). Therefore, the third and fourth factors weigh against an abatement or stay.

> i. **The Fifth and Sixth Factors Weigh in Plaintiff's Favor due the Significant Delays in this Case**

"The courts have a strong interest in moving matters expeditiously through the judicial system." *SEC v. Kiselak Capital Grp., LLC,* 2011 WL 4398443, at *4 (N.D. Tex. Sept. 20, 2011). Courts in this Circuit specifically have "an interest in 'efficient administration and judicial economy.' " *Moreno*, 2021 WL 3721456, at *5 (quoting *Bean*, 220 F.Supp.3d, at 777). In addition, "the public has an interest in 'both the prompt resolution of civil cases as well as the prosecution of criminal cases.' " *Id.* (quoting *Jackson v. Pamerleau*, 2016 WL 393552, at *7 (W.D. Tex. Feb. 2, 2016)). "The public also has an interest in resolving disputes 'with minimal delay, but only to

the extent that the integrity of the defendant's rights can be maintained[.]' " *Brown v. Kenner Police Dep't*, 2017 WL 5157563, at *2 (E.D. La. Nov. 7, 2017).

Defendant Dean maintained his rights throughout the prosecution of his criminal case and has been convicted in full view of the public. The only strong interest that remains for the courts and for the public is the efficient and prompt resolution of Plaintiff's civil case against Defendant Dean and Defendant City of Fort Worth, especially due to the public nature of this matter. Such an interest is under direct threat from the relief sought by Defendant's Motion, and the significant delay that is likely to result from any resolution of Defendant Dean's expansive appellate request for a brand new trial. As such, the fifth and sixth factors can only weigh against an abatement or stay. *Bean*, 220 F.Supp.3d, at 778 (holding that a matter only weighs in favor of a stay on these factors "where denying a stay risks endangering a defendant's Fifth Amendment rights <u>and granting a stay will not significantly delay this case because Defendant's direct criminal appeal is limited</u>[.]") (emphasis added).

### III.     CONCLUSION & PRAYER FOR RELIEF

For all the foregoing reasons, Plaintiffs respectfully request that the Court conclude that the six-factor test weighs against an abatement or stay in this case because "this case lacks the 'special circumstances' and the need to avoid 'substantial and irreparable prejudice' that would ordinarily warrant such a measure." *Moreno*, 2021 WL 3721456, at *5.[13]

---

[13] Notably, Defendant's Motion admits that "there are no special circumstances here[.]" (Dkt. No. 62. at p. 8). While Defendant appears to state this applies to all the Plaintiffs' prejudice, the special circumstances only apply to the circumstances that warrant the exceptional relief of a stay or abatement, not that warrant re-opening a matter.

Dated: January 28, 2023

Respectfully submitted,

*/s/ David W. Henderson*
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
J. Sebastian Van Coevorden
Texas State Bar No. 24036522
svancoevorden@equalrights.law
Ellwanger Law LLLP
400 S. Zang Blvd. Ste. 600
Dallas, TX 75208
Telephone: (469) 998-6775
Facsimile:  (469) 998-6775

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2023, a true and correct copy of the above and foregoing document was served on all counsel of record via the Courts ECF system.

*/s/ David W. Henderson*
David W. Henderson