IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID BAKUTIS                           §
                                        §
VS.                                     §       ACTION NO. 4:21-cv-665-Y
                                        §
AARON DEAN., et al.                     §

## ORDER REGARDING MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER

Before the Court is the parties' joint motion for entry of an agreed protective order (doc. 132.)

Having reviewed the motion and applicable law, the Court **GRANTS** the motion. The parties shall be subject to the following terms governing the use of confidential information:

1. "Confidential Information" includes information or documents of the City of Fort Worth, that its employees, agents, or representatives designated as "CONFIDENTIAL" because the documents and information include or constitute: (a) medical information related to any part in the litigation; (b) information containing the personal home address, telephone numbers, or other personal identifying or sensitive personal information of current or former city employees; (b) information that the city is under a duty to maintain in confidence; or (c) information that the defendant otherwise believes to be confidential or privileged.

2. The parties agree that the City is not required to

ORDER GRANTING AND ENTERING AGREED PROTECTIVE ORDER – PAGE 1

produce the following information related to police officers, and may redact this information from documents they produce:

(a) Credit, banking, health insurance or life insurance information;

(b) Social Security information;

(c) Family information;

(d) Home addresses of current or former police officers, as long as the City agrees to be the point of contact for any deposition or trial notices. If the City does not agree to be the point of contact, then home addresses produced by the City will be treated as "confidential information" subject to the other provisions of this Protective Order.

Nothing in this agreed order is intended to overrule or resolve any objections or claims of privilege, and nothing herein requires either defendant to produce any documents or other items. This order only relates to the protection of Confidential Information the City voluntarily produced or produces pursuant to any other court order.

The Plaintiff and the City agree that any Confidential Information produced by the City to other parties in this litigation and that is marked or otherwise designated as "Confidential" is to be protected as confidential and disclosed only as set out herein:

(a) Such Confidential Information is to be used for purposes of preparation and trial of the above styled and numbered cause;

(b) Such Confidential Information is to be disclosed only to the parties, their authorized representatives, their attorneys and support staff, witnesses or investigative witnesses in the employ and control of said attorneys, unless in accordance with a stipulation agreement or during trial or deposition;

(c) Such Confidential Information may be used by counsel for the parties, their agents, employees, legal assistants, secretaries, court reporters or other clerical employees necessary in assisting and conducting this action, as well as any expert or consultant employed by counsel to assist in the preparation of trial, as well as by any witness who is questioned in a deposition or at trial. Except in trial or deposition, each and every person who is allowed to review these documents must be shown a copy of this Order and advised of its terms and is required to sign a copy of the Order. Copies of the Confidential Information are to be treated as originals. Upon completion of this litigation, all such confidential materials will be returned to the City or destroyed and deleted from electronic devices. If destroyed, the attorney supervising such

ORDER GRANTING AND ENTERING AGREED PROTECTIVE ORDER – PAGE 3

destruction will provide an affidavit attesting to the destruction;

(d) The Confidential Information may not, under any circumstances, be disclosed to any news or media or unauthorized person without the agreement of the parties or order of the Court;

(e) If any Confidential Information is to be disclosed to the Court, it should be sealed and filed with the Court with the notation, "For Court's Eyes Only," unless other written permission is first provided by counsel for the City;

(f) This Protective Order remains in effect during the course of this litigation subject to change or amendment only upon agreement or order of the Court.

3. If Plaintiff objects to information or documents being marked as confidential, he must inform the City in writing of the objection and if no agreement can be reached, may petition the court to determine whether the information and documents should be considered as confidential.

SIGNED February 19, 2025.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

ORDER GRANTING AND ENTERING AGREED PROTECTIVE ORDER – PAGE 4