IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID BAKUTIS | § | |
| | § | |
| VS. | § | ACTION NO. 4:21-CV-665-Y |
| | § | |
| AARON DEAN, ET AL | § | |
| | § | |

## **INITIAL SCHEDULING ORDER**

Under Fed. R. Civ. P. 16(b), this Initial Scheduling Order will govern the preparation of this case for trial.  The Court, having reviewed the joint status report and proposed discovery plan recently submitted by the parties, establishes the deadlines set out below to ensure that the case is expeditiously prepared for trial.

Accordingly:

(1) The parties participate in a formal settlement conference[1], at which the parties and their counsel[2] shall appear in person[3] to discuss settlement of this case (corporations, partnerships, associations, etc., shall participate through a representative who shall have authority to bargain in good faith). No later than **April 30, 2026,** or seven (7) days after the date of

---

1 The Court does not refer this case to mediation at this time. However, as the case progresses the parties are instructed to notify the Court if they believe mediation will be successful. Upon such motion the Court will appoint a magistrate judge as mediator.

2 In accordance with local civil rule 1.1(c)(2), a party proceeding pro se is included in the definition of attorney.

3 Upon joint motion of the parties demonstrating good cause, the Court will relieve counsel of the requirement that this meeting be in person.

(Rev. Apr 2025)

the settlement conference, whichever occurs first, each party shall file a brief written report setting out:

(a)   The date on which the settlement conference was held,

(b)   The persons present,

(c)   A statement regarding whether meaningful progress toward settlement was made, and

(d)   A statement regarding the prospects of settlement before trial.

(2)   The parties must make the initial disclosures provided for by Fed. R. Civ. P. 26(a)(1)(A) in the manner set out in that rule except that the deadline for making such disclosures is hereby extended to **June 13, 2025.**[4]

(3)   The parties must file any motions to implead third parties or to join additional parties under Fed. R. Civ. P. 14 or 19, respectively, no later than **June 13, 2025.**

(4)   All disclosures relating to expert witnesses required by Fed. R. Civ. P. 26(a)(2) must be made and supplemented in the manner set out in that rule except that the disclosures required by subparagraphs (A) through (C) of Rule 26(a)(2) must be made by each party plaintiff no later than **February 6, 2026**, and each party defendant no later than **March 6, 2026.**[5] Any motions challenging these designations, including challenges under Fed. R. Evid. 702, must be filed by the deadline for filing pretrial motions established in this order.   Except for when the substantive law requires that attorney's fees be proven at trial as an element of damages (refer to Fed. R. Civ. P. 54(d)(2)(A)), the parties need not disclose expert witnesses as to attorney's fees unless they later file a motion for fees under Rule 54(d)(2). That motion must disclose to all party opponents the names and work addresses of its expert witnesses, if any, as to attorney's fees.

---

4 In accordance with Rule 26(a)(1), these disclosures shall be provided to all parties but shall **not** be filed with the clerk of the Court.

5 In accordance with Rule 26(a)(2), these disclosures shall be made to all parties but shall **not** be filed with the clerk of the Court.

(Rev. Apr 2025)

(5)   Each party plaintiff must file any motions for leave to amend his pleadings no later than **June 13, 2025.**

(6)   Each party defendant must file any motions for leave to amend his pleadings no later than **June 13, 2025.**

(7)   The parties shall cease all discovery activity under the Federal Rules of Civil Procedure on **April 10, 2026.**[6]

(8)   The parties must file all pretrial and dispositive motions except motions in limine no later than **April 20, 2026.**[7]

---

[6] All discovery must be completed by the ordered date.  Parties shall serve discovery requests with sufficient lead time to permit opponents to serve timely responses prior to the discovery deadline.  In accordance with Federal Rule of Evidence 502, inadvertent production during discovery of information covered by the attorney-client privilege or work-product protection will not waive the privilege or protection.

[7] All pretrial and dispositive motions shall comply with the following requirements:

(1) <u>Citations</u>.  All briefs filed with the Court shall comply with the most recent edition of The Bluebook: A Uniform System of Citation. Particularly, counsel are directed to provide, where applicable, the subsections of cited statutes, and to provide pinpoint citations  when citing cases, i.e., provide the page where the stated legal proposition can be found.  See The Bluebook: A Uniform System of Citation B10.1.2, at 9-10, R. 3.3(a), at 75-76 (Columbia Law Review Ass'n. et al. eds., 20th ed. 2015) (regarding pinpoint citations and subsections, respectively).  Furthermore, if a brief contains citations to unpublished opinions or to LEXIS, counsel must attach copies of those cases to the brief.

(2)   <u>Certificates of Conference.</u>   Under local civil rule 7.1(b), certificates of conference shall address all parties, <u>including co-defendants and co-plaintiffs</u>.

(3)   <u>Summary-Judgment Procedures:</u>

(a)   <u>Content of Motions.</u>  Regarding summary-judgment motions, the parties shall proceed as though local civil rules 56.3(b) and 56.4(b) contain the word "must" instead of the word "may" in their first lines.  That is, all matters required by local civil rules 56.3(a) and 56.4(a) must be set forth in the party's brief.

(b)  <u>Identifying Live Pleadings.</u>  The party moving for summary judgment shall identify, in a separate section at the beginning of his brief, by name of pleading, date filed, and document number on the Court's docket, the live pleadings for each party who has appeared in the action.  Any party filing a response to the motion shall indicate whether he agrees with the movant's identification of the live pleadings and, if not, why not.

(Rev. Apr 2025)

---

    (4)   <u>Appendices:</u>

       (a)   <u>Highlighting of Appendices.</u>  Regarding the documentary evidence submitted in an appendix, Judge Means requires that, **if the appendix is electronically filed,** the proponent of the appendix underline (or, as to large passages, bracket in the margin) the portions of the appendix upon which he relies.  Similarly, **if the appendix is manually filed,** the portion of each page of the appendix upon which the proponent relies must be highlighted, underlined (or, for large passages, bracketed in the margins).

       (b)   <u>Large  Appendices.</u>    **Local  civil  rule  10.1(e)  not withstanding, the judge's paper copy of any appendix exceeding one hundred fifty (150) pages must be submitted in one or more three-ring binders, with the notice of electronic filing placed on top of the appendix inside the first binder and tabbed dividers placed between each separate exhibit.**

    (5)   <u>Judge-specific requirements.</u>  Counsel are advised to review Judge Means's judge specific requirements, which are available on the Court's website at:

            http://www.txnd.uscourts.gov/judges/tmeans_req.html

    (6)   Counsel are **directed** to download a copy of The Local Civil Rules, which are available on the Court's website at:

            http://www.txnd.uscourts.gov/rules/localrules/lr_civil.html

(Rev. Apr 2025)

Further, the parties and their counsel shall strictly comply with the terms of this initial scheduling order and be on notice that failure to timely comply with this order may result in the imposition of sanctions against the non-complying party or counsel or both.

**This case will not be set for trial until it is clear to the Court that the discovery process and the consideration of any dispositive motions have progressed sufficiently to allow a reasonable assessment by the parties and the Court of the time needed for trial and the time the parties need to complete preparation for trial.** Typically, this will mean that sometime shortly after the discovery deadline the Court will issue an order requiring the attendance of lead counsel at a trial-setting conference, at which time a trial date will be chosen. Because this trial date will be chosen late in the life of the case and because the parties' counsel will, within reason, be accommodated as to the date of trial, no continuances of trial will be granted absent compelling circumstances.

(Rev. Apr 2025)

An order setting the trial date and deadlines for pretrial materials will issue after the trial-setting conference.

SIGNED May 16, 2025.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

(Rev. Apr 2025)